UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-81599-CIV-ROSENBERG/REINHART

ANNIE MANTZ o/b/o
ANTHONY JAY DUNKLEY, JR.

        Plaintiff,

v.

ANDREW SAUL, Commissioner
of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 27)

Currently before the Court is Defendant Andrew Saul's, Commissioner of Social Security Administration ("Commissioner"), Motion to Dismiss *pro se* Plaintiff Annie Mantz's Amended Complaint, which was filed on behalf of her minor grandson. This matter was referred to me for a Report and Recommendation by the Honorable Robin L. Rosenberg. ECF No. 29. I have reviewed the Amended Complaint (ECF No. 25) the Commissioner's Motion to Dismiss (ECF No. 27), Plaintiff's Response (ECF No. 28), the Commissioner's Notice of Compliance with the Court order (ECF No. 31), Plaintiff's Motion Objecting to Defendant's Notice of Compliance (ECF No. 33), and Plaintiff Annie Mantz's sworn statement (ECF No. 34). For the reasons set forth below, I **RECOMMEND** that the District Court **GRANT** the Commissioner's Motion to Dismiss the Amended Complaint.

## BACKGROUND

On November 26, 2019, Plaintiff Annie Mantz ("Plaintiff"), proceeding *pro se*, filed a Complaint on behalf of her grandson ("Claimant") against the Social Security Administration (SSA), alleging claims for wrongful appropriation, embezzlement, and grand theft, in violation of 18 U.S.C. § 1512, 10 U.S.C. § 921, and 18 U.S.C. Chapter 31. ECF No. 1 at 1 ("original Complaint"). The original Complaint sought back pay and $150,000,000.00 in punitive damages for anxiety, emotional distress, and financial hardship. *Id*. at 5.[1] On November 18, 2020, Plaintiff filed an Amended Complaint that differs from the original Complaint only in that it contains the following added sentence under "Certification and Closing": "Plaintiff did file a Notice of Appeal on November 16th, 2018, then filed a lawsuit on November 26, 2019, over one year since the appeal." ECF No. 25 at 5. The remainder of the Amended Complaint is the same as the original Complaint including the alleged claims and the relief sought by Plaintiff.

According to the Amended Complaint, Plaintiff's grandson began receiving social security survivor's benefits after the death of his mother. *Id*. at ¶ 12. The Amended Complaint alleges that Plaintiff's grandson was entitled to continue receiving benefits until June 2020, however, the SSA prematurely terminated his benefits in June 2019. *Id*. at ¶¶ 1–2. Although the SSA reinstated the benefits on November 8, 2019, the amount of backpay Plaintiff's grandson received was incorrect. *Id*. at ¶ 16. Plaintiff's claims for wrongful

---

[1] In subsequent pleadings, Plaintiff seeks not only $150,000,000.00 in punitive damages, but also "the abolishing of sovereign immunity for all SSA Employees, [t]he even distribution of Survivor Benefits to the remaining children after reaching the age of 19 years old, [and t]erminating Employment of Employees involved in the violation of the rights of Plaintiff." *See* ECF Nos. 28 at 3, 33 at 3, and 34 at 3.

appropriation, embezzlement, and grand theft arise out of these allegations related to her grandson's termination of benefits and amount of back pay.

Also included in the Amended Complaint are allegations regarding Plaintiff's dissatisfaction with the length of time it took for the benefits to be reinstated, as well as the treatment her grandson received at the hands of one SSA employee. *Id.* at ¶ 5 (alleging "[t]he agent was rude, intimidating, insulting and humiliating"). The Amended Complaint summarily states without explanation that Plaintiff's grandson was discriminated against because he is Native American. *Id.* at ¶ 11.

The Commissioner filed a Motion to Dismiss the original Complaint, on the grounds that under Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction because Plaintiff has not exhausted administrative remedies, and that under Rule 12(b)(6), the original Complaint fails to state a plausible claim for relief. ECF No. 14. The Commissioner also filed a Motion to Dismiss the Amended Complaint on the same grounds because "the Amended Complaint is substantively identical to the original Complaint and alleges no new facts, and because Plaintiff has made no effort to cure the defects . . .." ECF No. 27 at 3. In its Motion to Dismiss the Amended Complaint, the Commissioner requested that the Amended Complaint be dismissed with prejudice since the Amended Complaint does not cure the deficiencies in the original Complaint. *Id.*

In her Response, Plaintiff restates many of the allegations plead in the original and Amended Complaints including that "said Court has jurisdiction to entertain a criminal claim" and "Plaintiff and Claimant have exhausted our remedies prior to commencing said lawsuit. All exhibits submitted were proof of the back and forth communication with

3

Defendant, however, they did nothing!" ECF No. 28 at 1. Regarding the Commissioner's argument that the Court does not have subject matter jurisdiction, Plaintiff states simply that "[t]his Court has subject matter jurisdiction and Plaintiff has stated the claim. The counselor needs to re-read the Complaint." *Id.* at 2.

Although it is the plaintiff's burden to establish that this Court has subject matter jurisdiction, in an effort to fulfill the Court's independent obligation to determine whether subject-matter jurisdiction exists, I asked the Commissioner to notify the Court whether the Claimant had completed the four-step administrative review process and received a final decision from the Appeals Council in accordance with 20 C.F.R. § 416.1400(a). *See* ECF No. 30. In response to the Court's request, the Commissioner filed a Notice of Compliance with Court Order ("Notice"). ECF No. 31. The Notice explains that the Claimant "did not receive a 'final decision . . . made after a hearing' that would entitle them to judicial review under the Social Security Act." *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . ."). ECF No. 31. at ¶ 5. Two exhibits attached to the Notice provided extrinsic evidence of the claims made in the Notice: the first is a declaration of Deidre Bemister, Program Expert in the SSA's Atlanta Regional Office Center for Disability and Program Support Team (ECF No. 31-1) and the second is a dismissal notice dated May 3, 2020, sent from the Social Security Administration to Claimant, notifying him of the dismissal of his appeal (ECF No. 31-2).

On April 1, 2021, I issued an order ("April 1st Order") directing Plaintiff to submit by May 3, 2021 any evidence (including sworn affidavits, depositions, etc.) to contradict the

4

Commissioner's evidence that Claimant had not fully exhausted his administrative remedies. ECF No. 32 at 4. In the April 1st Order, I cautioned Plaintiff that if she did not submit sufficient evidence to contradict the Commissioner's contention I may consider it to be true and recommend to the District Judge that the Commissioner's Motion to Dismiss be granted due to lack of subject matter jurisdiction. *Id* at 4–5.

On April 7, 2021, Plaintiff filed a Motion Objecting to Defendant's Notice of Compliance with Court Order in which she stated again that "Plaintiff and Claimant have exhausted our remedies prior to commencing said lawsuit. All exhibits submitted were proof of the back and forth communication with Defendant, however, they did nothing!" ECF No. 33 at 1. She went on to explain that the Commissioner "did not give Plaintiff the four-step administrative process to complete and Plaintiff did not receive a final decision from the appeals counsel in accordance with 20 C.F.R. Statute 416.1400(a). Due to this fact, Plaintiff filed suit against Defendant." *Id*. at 2. The remainder of the Motion is almost identical to Plaintiff's Response. *Compare* ECF No. 33 with ECF No. 28. On April 20, 2021, Plaintiff submitted a sworn statement that is almost identical to her Motion Objection to Defendant's Notice of Compliance and her Response. *Compare* ECF No. 34 with ECF Nos. 28 and 33.

## DISCUSSION

1. **Challenging Subject Matter Jurisdiction under Rule 12(b)(1)**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). In this district, *pro se* plaintiffs seeking judicial review of a benefits decision by the SSA are provided with a form complaint. *See* http://www.uscourts.gov/forms/pro-se-forms/complaint-review-social-

5

security-decision. Section II of that form is entitled "Basis for Jurisdiction" and lists the two statutory bases for the court's jurisdiction, namely 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3). The form advises the *pro se* plaintiff that any appeal must be filed within 60 days of the Commissioner's final decision and provides a space for the plaintiff to fill in the date the final decision was received.

In all civil cases, including social security appeals, the defendant may then challenge the court's subject matter jurisdiction on a Rule 12(b)(1) motion either facially or factually. *Sinaltrainal v. Coca-Cola Co.*, 256 F. Supp. 2d 1345, 1350 (S.D. Fla. 2003) (J. Martinez) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) and *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997)). A facial challenge presumes the allegations in the complaint to be true and tests whether they are sufficient. In a factual challenge, the defendant tests the accuracy of the allegations by establishing facts that contradict the allegations and show a lack of subject matter jurisdiction. *Garcia*, 104 F.3d at 1261. Thus, a factual challenge requires the court to look beyond the pleadings and review other evidence such as testimony and affidavits. *Id*. In a factual challenge, the defendant has the burden to produce evidence to contradict the plaintiff's allegations. If the burden is met, the allegations do not carry a presumption of truthfulness. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). "The ultimate burden to prove that subject matter jurisdiction exists generally lies with the plaintiff." *Cabello Barrueto v. Fernandez Larios*, 291 F. Supp. 2d 1360, 1366 (S.D. Fla. 2003) (J. Lenard) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) ("if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof")).

As noted above, in social security actions, subject matter jurisdiction is conferred upon the district court by a showing that the plaintiff has obtained a final decision from SSA. *See* 42 U.S.C. § 405(g) (a person may only bring an action for federal court review after a "final decision of the Commissioner of Social Security"). According to the Commissioner's regulations, a "final decision" is one "rendered after a claimant has completed a four-step administrative review process, the last step being a review by the Appeals Council." *Callendar v. Soc. Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. 2008) (citing 20 C.F.R. 416.1400(a)).[2] "Ordinarily, judicial review is barred absent a 'final decision by the Commissioner of Social Security.'" *Callendar*, 275 F. App'x at 175 (citing *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998)).

---

[2] The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:

(1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 416.1400(a).

Thus, it is Plaintiff's burden to establish that this Court has subject matter jurisdiction over her lawsuit by pleading sufficient facts to show that the Claimant followed the SSA's review process in a timely manner and received a final decision by the Social Security Administration's Appeals Council. Here, neither the Amended Complaint nor Plaintiff's subsequent filings establish subject matter jurisdiction.

In the April 1st Order, I noted that because I had requested evidence beyond the pleadings to resolve the subject matter jurisdiction question, I would construe the Commissioner's challenge of the Court's subject matter jurisdiction as a factual one. ECF No. 32 at 4. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The Commissioner has submitted the sworn declaration of Deidre Bemister. ECF No. 31-1. Ms. Bemister is a Program Expert in the SSA's Atlanta Regional Office Center for Disability and Program Support Team. *Id*. Ms. Bemister's declaration is dated March 23, 2021. *Id*. at 2. The Commissioner also submitted a dismissal notice dated May 3, 2020 sent from the Social Security Administration to Claimant, notifying him of the dismissal of his appeal. ECF No. 31-2. Together with the dismissal notice, Ms. Bemister's undisputed declaration sets forth the following timeline of relevant events pertaining to Plaintiff and Claimant.

On November 14, 2019, Claimant received a decision from the SSA notifying him that $1,323.00 was being withheld from his benefits to recover for an alleged overpayment. ECF Nos. 31-1 at ¶ 1 and 31-2. On November 18, 2019, Claimant filed an appeal of that decision. *Id*. On November 26, 2019, the SSA repaid Claimant the total amount withheld ($1,323.00). ECF Nos. 31-1 at ¶ 2 and 31-2. In a notice dated May 3, 2020, the SSA notified Claimant that his appeal was dismissed because the withheld funds had been repaid. ECF No. 31-2.

As of the date of Ms. Bemister's declaration, there was no record that Claimant had taken any further action to appeal the decision. ECF No. 31-1 at ¶ 3. Plaintiff's Amended Complaint and supplemental evidence concedes that Plaintiff did not receive a final decision from the appeals counsel. Plaintiff states in her Amended Complaint that after filing the Notice of Appeal of the SSA's decision, she did not receive a final decision from the appeals counsel and instead filed the instant suit. ECF Nos. 25 at 5 and 33 at 2. She also states the SSA did not notify her about the four-step administrative review process outlined in 20 C.F.R. § 416.1400(a). *Id*. Thus, the record reflects that Claimant received a decision from the SSA informing him that some benefits were being withheld. He filed an appeal of that decision. The SSA subsequently dismissed the appeal because they claimed they had paid Claimant the benefits that they had previously withheld. In other words, the SSA gave Claimant what he was asking for. If Claimant did not feel he was reimbursed for the correct amount or had other outstanding issues that were not addressed, he could have appealed the decision to the next level by requesting a hearing before an administrative law judge. 20 C.F.R. § 416.1400(a).

Rather than proceed through the full administrative review process, Plaintiff filed the instant suit in this Court on November 26, 2019. ECF No. 1. Claimant must present his claims to the SSA and receive a final decision after completing the full set of internal review procedures before he is entitled to pursue judicial review in this federal court. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (only after requesting a hearing from an ALJ, appealing any adverse decision of the ALJ to the Appeals Council, and receiving notice of the Appeals Council's subsequent decision or denial of review has the claimant obtained a "final decision"

subject to judicial review). Thus, the Court recommends that because Claimant has failed to exhaust his administrative remedies, 42 U.S.C. § 405(g) bars judicial review at this time.

Plaintiff seems to argue both that Claimant did exhaust his remedies prior to commencing said lawsuit, and that the exhaustion requirement should not apply. Plaintiff stated "Plaintiff and Claimant have exhausted our remedies prior to commencing said lawsuit. All exhibits submitted were proof of the back and forth communication with Defendant, however, they did nothing!" ECF No. 33 at 1. Although the exhibits attached to the original Complaint do show the months of communication between the Plaintiff (on behalf of Claimant) to the SSA and various congressmen to try to reinstate Claimant's survivor benefits and correct the withheld funds issue, they do not indicate that Claimant took the necessary steps to exhaust administrative remedies and ultimately receive a final decision from the Appeals Counsel. *See* ECF No. 1-3.

In what could be construed as an argument that the exhaustion requirement should not apply, Plaintiff alleges that the Commissioner "did not give Plaintiff the four-step administrative process to complete" so "Plaintiff did not receive a final decision from the appeals counsel in accordance with 20 C.F.R. Statute 416.1400(a)." ECF No. 33 at 2. Section 416.1409(b) of the applicable regulations specifically allows for extensions of time to request reconsideration premised on good cause. It provides:

> Extension of time to request a reconsideration. If you want a reconsideration of the initial determination but do not request one in time, you may ask us for more time to request a reconsideration. Your request for an extension of time must be in writing and it must give the reasons why the request for reconsideration was not filed within the stated time period. If you show us that you had good cause for missing the deadline, we will extend the time period. To determine whether good cause exists, we use the standards explained in §416.1411.

20 C.F.R. § 416.1409(b). Section 416.1411 specifically recognizes lack of notice regarding the administrative review process as grounds for good cause: "Examples of circumstances where good cause may exist include, but are not limited to, the following situations: . . . (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit." § 416.1411(b)(6). Thus, Claimant still had an administrative remedy available to him, which he failed to exhaust. Thus, the undersigned recommends that any purported lack of notice does not excuse Claimant's failure to exhaust the administrative remedies. *See Hunter v. Saul*, No. 3:19-cv-1021-J-34JBT, 2020 WL 4275562 (M.D. Fla. July 8, 2020) (recommending that the Commissioner's Motion to Dismiss be granted and the case be dismissed for lack of subject matter jurisdiction because plaintiff had not exhausted administrative remedies despite her argument that she was not given proper notice), *report and recommendation adopted*, 2020 WL 4261188 (M.D. Fla. July 24, 2020).

## REPORT AND RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that:

1. The District Court **GRANT** Defendant's Motion to Dismiss the Amended Complaint (ECF No. 27).

2. The case be **DISMISSED** for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall

11

constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel for Defendant or *pro se* Plaintiff do not intend to file an objection to this Report and Recommendation, they shall file a notice to that effect within five (5) days.**

**DONE AND SUBMITTED** in Chambers this 4th day of May, 2021 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE